CASE No. 833.

THOMPSON v. WOFFORD.

In an action upon a bond given for the purchase money of a tract of land, sold under proceedings in partition, and described in the order of sale, advertisement and deed, as containing one hundred and seventy-five acres, more or less, testimony was offered of verbal declarations made by the sheriff at the time of sale as to the quantity of land in the tract—*Held*, that the testimony was incompetent.

Before PRESSLEY, J., Spartanburg, June, 1879.

This was an action commenced on February 12th, 1879, by W. W. Thompson, as sheriff, against C. P. Wofford and J. K. Jennings, for the foreclosure of a mortgage given to secure the payment of the purchase money of a tract of land sold by the

sheriff under a decree of the court in an action for partition. Defence was failure of consideration to the extent of the balance claimed.   The defendant, Wofford, a witness in his own behalf, began to testify as to certain verbal representations made by the sheriff at the time of sale, in reference to the quantity of land, but upon objection made the presiding judge ruled that the testimony was incompetent; and defendants' counsel excepted.   The Circuit decree is as follows:

This action was to recover a small balance, claimed to be due, on bond and mortgage, and the defendant resisted payment on the ground of deficiency in the quantity of land, which he had purchased.

Both the advertisement and the sheriff's deed seem to me to state the number of acres in the tract sold as merely part of the description, and I do not, under our statute, which requires the sheriff to make sale in such cases, regard him as having any authority or agency whatever to vary the terms of the decree or of the advertisement.   He could not, therefore, affect the rights of the owners of the land by any opinion he may have published, if any, at the sale, as to the number of acres in the tract.

The defendant testified before me that he had previous knowledge of the land he purchased, had lived in that neighborhood and partially surveyed it several years ago; that it was not sold at a price per acre, but the bids were for the tract as a whole. The deed is without warranty, and defendant complied with his bid and took possession without asking any survey to fix the quantity of the land.   The late decisions in this state, especially *Bauskett* v. *Jones,* 2 *Spears* 71, and *Rogers* v. *Horn,* 6 *Rich.* 361, settle conclusively that in such case the purchaser must pay the purchase money without abatement for any deficiency of the quantity of land bought by him. - It is therefore adjudged and decreed that plaintiff have judgment against the defendant for the amount claimed in his complaint; with leave to apply at chambers for a decree of foreclosure, if that be necessary.

From which decree defendants gave due notice of appeal to the Supreme Court for a new trial, upon the following grounds:

1. Because, as it is respectfully submitted, the presiding judge

erred in refusing to admit testimony in regard to sheriff's repre-
sentations made at the time of the sale.

2. In holding that the parties to the suit of Julia Levister *v.*
James Levister and others, were not bound by the representa-
tions made by the sheriff at the time of the sale.

3. In holding that the defendants, under the circumstances of
the case, were not entitled to an abatement in the amount bid
by reason of the deficiency in the land.

*Mr. E. H. Bobo,* for appellants.

The rule of *caveat emptor* does not apply to sales by the sheriff
under a decree for partition, and his representations are admissi-
ble as though they were made by the parties themselves. *Harp.*
441; 1 *McC.* 121; 9 *Rich.* 515; 9 *S. C.* 287. When a certain
number of acres are sold, with a description only to fix its locality,
it will be considered as a sale of so many acres, and not more or
less. 2 *McC.* 440. There were no metes and bounds here,
only boundaries to be fixed by actual survey; and in this differs
from 2 *Spears* 71 and 1 *McC.* 584. If misrepresentation was
intentional or not, defendants are entitled to abatement. 2 *Hill*
657, and cases therein reviewed. In *Harp.* 290, 4 *McC.* 434,
2 *Spears* 71, and 6 *Rich.* 361, there was no misrepresentation;
and they have been modified by 9 *Rich.* 515. See, too, 9 *S. C.* 287.

*Mr. J. S. R. Thomson,* contra.

The verbal declarations of the sheriff cannot vary the terms of
this deed. 1 *Greenl. on Ev.,* § 275; 1 *Best. on Ev.,* § 226; 1
*McC.* 209. A purchaser can assert failure of consideration only
when title is defective. 9 *S. C.* 287; 6 *Rich.* 361; 9 *Rich.* 515.
Even if sheriff was agent, defendants cannot maintain their de-
fence, because of the description of the land. *Harp.* 290; 2
*Spears* 72; *Kerr on F. & M.* 65, *note; Rice's Eq.* 55; 8 *Rep.*
647; 13 *Wall.* 383.

March 16th, 1880. The opinion of the court was delivered by

MCIVER, A. J. This was an action to recover a small balance
appearing to be due upon a bond given for the purchase money
of a tract of land sold by the plaintiff, at a judicial sale made by

him as sheriff. The defence was that the defendant had been induced to purchase by reason of a representation made on the day of sale, that the land contained a greater number of acres than was found to be the fact by a resurvey, and an abatement of the price to the extent of such deficiency was claimed.

It appeared that the land was sold under proceedings for partition, and the record of such proceedings, which was introduced in evidence, showed that the land was described in the complaint as a tract containing one hundred and seventy-five acres, *more or less*. · It was also so described in the advertisement and in the sheriff's deed; and it furthermore appeared that the land was sold as a tract and not by the acre.

At the trial the defendants proposed to prove " certain verbal representations made by the sheriff at the time of the sale in reference to the quantity of the land," which the Circuit judge ruled to be incompetent. To this ruling exception was duly taken, and this constitutes the sole ground of appeal. We agree with the Circuit judge that the proposed testimony was incompetent.

As we have just held in the case of Mitchell *v.* Pinckney,* the true ground upon which purchasers at judicial sales of land can claim an abatement of the price by way of defence to an action for the purchase money, is fraud or misrepresentation; but such misrepresentation must be of such a character as would be likely to mislead, and must, in fact, mislead the purchaser. As was said by Johnson, J., in *Means* v. *Brickell,* 2 *Hill* 665–6, in speaking of this doctrine: "Great care should be taken that in its application it should be confined to its legitimate objects, and that trivial circumstances should not be allowed to set aside or damage written contracts which have been solemnly entered into between the parties, and some useful hints have been thrown out in *Frazier* v. *Harvey,* 2 *Bail.* 270. For example, when the misrepresentation complained of is as to the quality of lands sold, or the quantity, when it has not been ascertained by admeasurement or some other certain rule, or the relative quantities of the different description of highland and swamp, and other matters founded merely on opinion; for a purchaser is not liable to be

imposed on by the *opinions* of the seller; and if he is, when he has the same means of forming an opinion for himself, it is his own folly, from which he cannot and ought not to be relieved."

Now, in this case the verbal representations of the sheriff in regard to the quantity of the land, must either have been a mere expression of his opinion as to the actual number of acres which the tract contained, which would not be competent, (*Frazier* v. *Harvey*, 2 *Bail.* 269,) there being no evidence that any plat was exhibited at the sale by which the land was sold, or such representations would amount to a *contradiction* of the terms of the sale, as written and published in the advertisement; for, as we have seen, both in the pleadings in the action under which the order of sale was made and in the published advertisement of such sale, the land was represented as containing an uncertain number of acres by the use of the terms "*more or less*," and certainly the sheriff could not, by any verbal declarations that he might make, *contradict* those terms. We think it clear, therefore, that, under the circumstances of this case, any verbal representations which the sheriff may have seen fit to make on the day of sale in regard to the quantity of land, were not such as were calculated to mislead a purchaser; and we may add, from the testimony in this case, it is difficult to understand how the purchaser could have been misled in regard to the quantity of the land he was buying by any such representations, as he seems not only to have been a surveyor himself, but to have actually made a partial survey of this very tract before the sale, and, as it is reasonable to suppose, was therefore much better qualified to form an opinion as to the number of acres contained in the tract than the sheriff.

The judgment of the Circuit Court is affirmed.

WILLARD, C. J., concurred.